# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed: September 22, 2016)
No. 15-716V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| J.L.D., a Minor, by His Mother, | * | |
| KATIE DAVIS, | * | |
| | * | Decision on Joint Stipulation; |
| | * | Cerebellitis; Cerebellar ataxia; |
| | * | Torticollis; Neurologic |
| Petitioner, | * | Impairments; Diphtheria-tetanus- |
| | * | acellular pertussis ("DTaP"); |
| v. | * | Inactivated polio virus ("IPV"); |
| | * | Hepatitis B; Rotavirus; |
| SECRETARY OF HEALTH | * | Haemophilus influenza type B |
| AND HUMAN SERVICES, | * | ("Hib"); Measles-mumps-rubella |
| | * | ("MMR"); Pneumococcal |
| Respondent. | * | conjugate ("PCV7"); Varicella |
| | * | |
| * * * * * * * * * * * * * | | |

*Michael G. McLaren, Black McLaren, et. al., P.C., Memphis, TN, for petitioner.*
*Justine Walters, US Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On July 9, 2015, Katie Davis ("Ms. Davis" or "petitioner") filed a petition for compensation on behalf of her minor child, J.L.D., under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that J.L.D. developed cerebellitis, cerebellar ataxia, torticollis, developmental regression, and/or other neurologic or physical impairments as a result of receiving diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio virus ("IPV"),

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

hepatitis B, rotavirus, haemophilus influenza type B ("Hib"), and pneumococcal conjugate ("PCV7") vaccines on July 3, 2013, and measles-mumps-rubella ("MMR") and varicella vaccines on January 30, 2014. *See* Stipulation, filed September 22, 2016, at ¶¶ 1-4.  Respondent denies that any of the above immunizations caused J.L.D.'s injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case.  On September 22, 2016, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **(1) A lump sum of $20,000.00 in the form of a check payable to petitioner as guardian/conservator of J.L.D.'s estate; and**
>
> **(2) A lump sum of $4,624.50, which amount represents reimbursement of a Medicaid, in the form of a check payable jointly to petitioner and**
>
> > **First Recovery Group, LLC**
> > **P.O. box 771932**
> > **Detroit, MI 48277-1932**
> > **FRG File No. 602764-116715**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

J.L.D., a Minor, by His Mother,       )
KATIE DAVIS,                          )
                                      )
        Petitioner,                   )
                                      )    No. 15-716V
    v.                                )    Special Master Roth
                                      )    ECF
SECRETARY OF HEALTH AND               )
HUMAN SERVICES,                       )
                                      )
        Respondent.                   )
                                      )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation on behalf of her minor child, J.L.D., under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.L.D.'s receipt of the diphtheria, tetanus, and acellular pertussis ("DTaP"); inactivated poliovirus ("IPV"); Hepatitis B ("Hep B"); Rotavirus; Hemophilus influenzae type B ("Hib"); pneumococcal conjugate ("PCV7"); measles, mumps, and rubella ("MMR"); and Varicella vaccines, which vaccines are contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a).

2. J.L.D. received DTaP, IPV, Hep B, Rotavirus, Hib, and PCV7 immunizations on July 3, 2013; and he received MMR and Varicella immunizations on January 30, 2014.

3. The vaccines were administered within the United States.

4. Petitioner alleges that J.L.D. developed cerebellitis, cerebellar ataxia, torticollis, developmental regression and/or other neurologic or physical impairments as a result of receiving DTaP, IPV, Hep B, Rotavirus, Hib, PCV7, MMR, and/or Varicella immunizations.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of J.L.D. as a result of his condition.

6. Respondent denies that the DTaP, IPV, Hep B, Rotavirus, Hib, PCV7, MMR, or Varicella vaccines caused or significantly aggravated J.L.D.'s cerebollitis, cerebellar ataxia, torticollis, developmental regression, neurological or physical impairments, or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $20,000.00 in the form of a check payable to petitioner as guardian/conservator of J.L.D.'s estate; and

    b.    A lump sum of $4,624.50, which amount represents reimbursement of a Medicaid lien, in the form of a check payable jointly to petitioner and

    First Recovery Group, LLC
    P.O. Box 771932
    Detroit, MI 48277-1932
    FRG File No. 602764-116715

Petitioner agrees to endorse this check to First Recovery Group, LLC.

Payments made pursuant to paragraphs 8(a) and 8(b) represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

- 2 -

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of J.L.D. as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of J.L.D.'s estate under the laws of the State of Georgia. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of J.L.D.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of J.L.D. at the time a payment pursuant to this Stipulation is to

be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of J.L.D. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of J.L.D., on behalf of herself, J.L.D., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.L.D. resulting from, or alleged to have resulted from, the DTaP, IPV, Hep B, Rotavirus, Hib, or PCV7 vaccinations administered on July 3, 2013, or the MMR or Varicella vaccinations administered on January 30, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about July 9, 2015, in the United States Court of Federal Claims as petition No. 15-716V.

15. If J.L.D. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

- 4 -

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, IPV, Hep B, Rotavirus, Hib, PCV7, MMR, or Varicella vaccines caused or significantly aggravated J.L.D.'s cerebellitis, cerebellar ataxia, torticollis, developmental regression, neurological or physical impairments, or any other injury or his current condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as guardian/conservator of J.L.D.

## END OF STIPULATION

/

/

/

/

/

/

/

- 5 -

09/19/2016 MON 8:30   FAX 912 366 1045 Appling DFCS                                          Ⓩ007/007

Respectfully submitted,

**PETITIONER:**

KATIE DAVIS

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

MICHAEL G. MCLAREN, ESQ.
Black McLaren Jones Ryland & Griffee
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Tel: (901) 762-0535

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Acting Director, Division of Injury
 Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

JUSTINE WALTERS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-6393

Dated:   9/22/2016