# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-716V
### Filed: January 18, 2017

```
* * * * * * * * * * * * * * * * * * * * * * * *
J.L.D., a minor, by his mother        *          Not for Publication
KATIE DAVIS,                          *
                                      *
                 Petitioner,          *
        v.                            *          Attorney's Fees and Costs;
                                      *          Respondent Did Not Object.
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                 Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Michael G. McLaren, Black McLaren, et al., P.C., Memphis, TN, for petitioner.*
*Heather Pearlman, United States Department of Justice, Washington, DC, for respondent.*

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1] IN PART

**Roth,** Special Master:

  On July 9, 2015, Katie Davis ("Ms. Davis" or "petitioner") filed a petition for compensation on behalf of her minor child, J.L.D., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2]  [the "Vaccine Act" or "Program"]. Petitioner alleged that J.L.D. developed cerebellitis, cerebellar ataxia, torticollis, developmental regression, and/or other neurologic or physical impairments as a result of receiving diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio virus ("IPV"), hepatitis B, rotavirus, haemophilus influenza type B ("Hib"), and pneumococcal conjugate ("PCV7") vaccines on July 3, 2013, and measles-mumps-rubella ("MMR") and varicella vaccines on January 30, 2014. *See generally* Petition ("Pet."), ECF No. 1. Petitioner and respondent agreed to a settlement in this

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

matter; respondent filed a stipulation of settlement on September 22, 2016. Stipulation for Award ("Stipulation"), ECF No. 28. The undersigned issued a decision approving the settlement on September 22, 2016. Decision, ECF No. 29. Petitioner now seeks an award of attorney's fees and costs in the amount of $38,609.98, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees ("Motion for Fees") at 1, ECF No. 34. After careful consideration, the undersigned has determined to **grant the request in part** for the reasons set forth below.

## I.       Procedural History.

Petitioner filed her petition on July 9, 2015. ECF No. 1. This case was initially assigned to now-Chief Special Master Dorsey. ECF No. 4. Petitioner filed medical records on July 10, 2015, and on August 28, 2015. Pet. Ex. 1-12, Pet. Ex. 13 ECF No. 5-6, 10.

This case was reassigned to me on October 21, 2015. ECF No. 12. Respondent filed a Rule 4(c) Report on February 8, 2016, indicating that J.L.D.'s alleged injury was not appropriate for compensation. Nevertheless, the party agreed to settle this matter. On June 15, 2016, respondent contacted the Court, indicating that the parties had reached a tentative agreement in this matter. Accordingly, I issued a 15-Week Stipulation Order on June 16, 2016. ECF No. 25. Respondent filed a "Stipulation for Award" ("Stipulation") on September 22, 2016. Stipulation, ECF No. 28. I issued a decision approving the settlement on September 22, 2016. Decision, ECF No. 29.

Petitioner filed a motion for attorney's fees on January 5, 2017. Motion for Attorney's Fees ("Motion for Fees"), ECF No. 34. Petitioner requested fees and costs for representation from Black McLaren Jones Ryland & Griffee, P.C. ("the McLaren firm") in the amount of $34,971.50 in attorneys' fees and $3,234.98 in expenses, for a total of $38,609.98. Motion for Fees at 1. In accordance with General Order #9, petitioner filed a signed statement indicating that she incurred $403.50 in out of pocket expenses. Notice, ECF No. 34-3.

Respondent filed a response to petitioner's motion for fees on January 17, 2017. Response to Motion for Attorney's Fees ("Response"), ECF No. 35. Respondent made no specific objections to petitioner's fee application, and stated that respondent was "satisfied the statutory requirements for an award of attorneys' fees and costs" have been met. Response at 2.

This matter is now ripe for decision.

## II.       Applicable Law.

The Vaccine Act allows Special Masters to award attorney's fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. *Perreira v. Sec'y of HHS*, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); *see also Saxton ex rel. Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

2

When considering motions for attorney fees and costs, the Court employs the lodestar method to determine the amount of attorney compensation. *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010); *see also Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) ("The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted). That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). While respondent does have the opportunity to object to a fee request, if no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The *McCulloch* decision provides a framework for consideration of appropriate ranges for attorney's fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. *Id.* For 4 to 7 years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.* Special Master Gowen specifically noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id.*

In determining an appropriate hourly rate, Special Master Gowen concluded that the following factors should be considered: (1) the prevailing rate for comparable legal work in the forum of Washington, D.C.; (2) the prevailing rate for cases in the Vaccine Program; (3) the attorney's experience in the Vaccine Program; (4) the attorney's overall legal experience; (5) the quality of the work performed in vaccine cases; and (6) reputation in the legal community and community at large. *Id.* at *17.

## III.   Discussion.

Recently, there have been multiple decisions granting the McLaren Firm fees and costs at the same hourly rates that petitioner has requested in the instant application. *See Arias v. Sec'y of HHS*, No. 15-1150V, 2016 WL 6835544 (Fed. Cl. Spec. Mstr. Oct. 25, 2016); *see also Watkins v. Sec'y of HHS*, No. 15-150V, 2016 WL 7188685 (Fed. Cl. Spec. Mstr. Oct. 26, 2016); *E.T. v. Sec'y of HHS*, No. 15-181V, 2016 WL 7188686 (Fed. Cl. Spec. Mstr. Oct. 27, 2016). There have been no objections raised to the rates awarded in the foregoing decisions.

On November 4, 2016, Chief Special Master Dorsey issued a decision setting 2016 forum hourly rates for Michael McLaren, along with William Cochran and Christopher Webb, as follows: $425 for Mr. McLaren, $355 for Mr. Cochran, and $305 for Mr. Webb. *See Henry v. Sec'y of HHS*, No. 15-545, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). The Chief Special Master found that the appropriate 2016 hourly rate for paralegals was $145, as opposed

to the $150 hourly rate requested in petitioner's fee application. Additionally, the Chief Special Master awarded the hourly rates for 2014 and 2015 that petitioner requested in his application: $395 and $410 for Mr. McLaren, $335 and $345 for Mr. Cochran, $285 and $295 for Mr. Webb, and $130 and $145 for paralegals and law clerks. I find the Chief Special Master's reasoning to be persuasive, and hereby adopt the rates decided in *Henry* as the rates for the instant analysis.

Mr. McLaren has been practicing law for 40 years and has been handling vaccine cases since the Program's inception. Motion at 5-6. Mr. McLaren's experience places him in the *McCulloch* range of $350 to $425 per hour. Petitioner has requested the following hourly rates for Mr. McLaren: $395 for work performed in 2014; $410 for work performed in 2015, and $425 for work performed in 2016. Based on Mr. McLaren's superior quality of work and his extensive experience, both in regular practice and in the Vaccine Program, I find that the requested hourly rates are reasonable.

Mr. Cochran has been practicing law for 15 years and has been representing petitioners in the Vaccine Program for 13 years. Motion at 6-7. Mr. Cochran's experience places him in the *McCulloch* range of $300 to $375 per hour. Petitioner has requested the following rates for Mr. Cochran: $335 for work performed in 2014, $345 for work performed in 2015, and $355 for work performed in 2016. Based on Mr. Cochran's significant experience in the Vaccine Program, I find that the requested hourly rates are reasonable.

Mr. Webb has been practicing law for 8 years and has been working on vaccine for 8 years. Motion at 7-8. Mr. Webb's experience places in the McCulloch range of $225 to $300 for 2012 to 2015, and the range of $275 to $350 for 2016. Petitioner has requested the following rates for Mr. Webb: $285 for work performed in 2014; $295 for work performed in 2015; and $305 for work performed in 2016. Based on Mr. Webb's substantive experience in the Vaccine Program, I find that the requested hourly rates are reasonable.

As in *Henry*, petitioner has requested a 2016 hourly rate of $150 for paralegals. *Henry*, No. 15-545V, at 13-14. Following the Chief Special Master, I will reduce that rate to $145. Therefore, paralegal fees for 2016 are **reduced from $780 to $754.**

Upon further review of the billing records, I noted that Mr. Webb billed a total of 19.6 hours of travel time in 2015. ECF No. 34-2 at 6-7. While an attorney may bill for work performed while traveling, "special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program." *Hocraffer v. HHS*, No. 99-533V, 2011 WL 3705153, at *24. Therefore, attorney's fees will be **reduced by $2,891**.

Having reviewed the billing records, the remainder of the amount of hours billed seems reasonable and I see no erroneous or duplicative billing, other than what is noted above. *See generally* Motion, Exhibit 2. I therefore see no reason to further reduce petitioner's application for fees and costs.

### IV.     Total Award Summary.

I find that, with the exception of what is discussed above, petitioner's counsel's request is reasonable and she is entitled to fees and costs pursuant to § 15(e)(1).  For the reasons contained herein, **the undersigned awards the total of $35,692.98 as follows:**

- **A lump sum of $403.50 in the form of a check payable to petitioner, Katie Davis; and**

- **A lump sum of $35,289.48[3] in the form of a check made payable jointly to petitioner, Katie Davis, and petitioner's counsel of record, Michael G. McLaren, for petitioner's attorneys' fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).