# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-716V
### Filed: February 8, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| J.L.D., a minor, by his mother | \* | Not for Publication |
| KATIE DAVIS, | \* | |
| | \* | Motion for Reconsideration; Attorneys' |
| Petitioner, | \* | Fees and Costs |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Michael G. McLaren*, Black McLaren, et al., P.C., Memphis, TN, for petitioner.
*Heather Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION DENYING MOTION FOR RECONSIDERATION[1]

**Roth,** Special Master:

On January 24, 2017, respondent filed a Motion for Reconsideration of my Decision Awarding Attorneys' Fees and Costs, issued on January 18, 2017. ECF No. 38. Because the amount of attorneys' fees and costs requested by petitioner's counsel is reasonable and respondent has failed to identify any reason why the application should be reduced, his motion is DENIED.

### I. Procedural History.

On July 9, 2015, Katie Davis ["Ms. Davis" or "petitioner"] filed a petition for compensation on behalf of her minor child, J.L.D., under the National Vaccine Injury

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. Petitioner and respondent agreed to a settlement in this matter; respondent filed a stipulation of settlement on September 22, 2016. ECF No. 28. That same day, I issued a decision approving the settlement. ECF No. 29.

Petitioner applied for attorneys' fees and costs on January 5, 2017 ["Motion for Fees"]. ECF No. 34. In the Motion, petitioner's counsel requested an award of $34,971.50 in attorneys' fees and $3,234.98 in costs for work performed by petitioner's counsel of record, Michael McLaren, and his associates, William Cochran and Chris Webb. Motion for Fees at 2. The total sum requested was $38,609.98.

On January 17, 2017, respondent filed a response to petitioner's Motion for Fees, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response to Motion for Fees at 2, ECF No. 35. Respondent "recommend[ed]" that I use my discretion and experience to determine a reasonable award for attorneys' fees and costs. *Id.* at 3.

On January 18, 2017, I issued a Decision on Attorneys' Fees and Costs awarding petitioner's counsel $35,289.48 in fees and costs. ECF No. 36. In my Decision, I noted that "[r]espondent made no specific objections to petitioner's fee application." Decision at 2. Upon my review of the records, I noticed that petitioner's counsel had billed at a full hourly rate for travel; therefore, I reduced the award of attorneys' fees by $2,891. Additionally, I reduced the 2016 hourly rate for petitioner's paralegals, thereby reducing fees by another $26. I otherwise found petitioner's application to be reasonable and made no further reductions.

On January 24, 2017, respondent filed a Motion for Reconsideration under Vaccine Rule 10(e)(1). ECF No. 37. In it, respondent argued that I "erred by failing to address the reasonableness of petitioner's counsel's requested costs," and particularly "whether the claimed expenses were excessive or unnecessary." Motion for Reconsideration at 3. Specifically, respondent alleged that petitioner's counsel's costs included the cost of a first class plane ticket for counsel in the amount of $1,037.70. Respondent noted that "this Court has routinely held that the Program should not have to pay first class airfare, which was done here." *Id*.

On January 25, 2017, petitioner's counsel filed a Response to Respondent's Motion for Reconsideration ["Response to Motion for Reconsideration"]. ECF No. 38. Petitioner's counsel agreed "with Respondent's position that the cost of first class airfare is not a reasonable cost routinely covered by the Program" and explained that petitioner's counsel had only billed for the cost of a "coach" ticket, and had not billed for the upgrade to a first class seat. Likewise, petitioner's counsel explained that the ticket was purchased approximately one week before the trip due to events in the case and was therefore more costly than had it been purchased sometime in advance. The upgrade was paid out of pocket by counsel and the difference was $57.00. Response to Motion for Reconsideration at 2-3.

---

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## II. Applicable Law.

Vaccine Rule 10(e) governs motions for reconsideration. It is within a special master's discretion to grant or deny the motion "in the interest of justice." Vaccine Rule 10(e)(3). Generally, a motion for reconsideration will be granted only upon a demonstration of a "manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Bishop v. United States,* 26 Cl. Ct. 281, 286 (1992) (quoting *Circle K Corp. v. United States,* 23 Cl. Ct. 659, 664-65 (1991)). The burden is upon the moving party to "show either that: (a) an intervening change in the controlling law has occurred; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice." *Brock v. United States,* 2010 WL 3199837, at *2 (Fed. Cl. July 20, 2010) (citing *Bishop,* 26 Cl. Ct. at 286)).

However, some special masters have construed the "interest of justice" standard articulated in Vaccine Rule 10(e)(3) as a lesser standard than the showing of "manifest injustice" required by RCFC Rule 59(a). *See, e.g., R.K. v. Sec'y of Health and Human Servs.,* No. 03-632V, 2010 WL 5572074, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2010). Moreover, Vaccine Rule 10 provides a special master with "significant discretion to determine in a particular case what result is in the interest of justice." *McAllister v. Sec'y of Health and Human Servs.,* No. 03-2476V, 2011 WL 6000606, at *1 (Fed. Cl. Spec. Mstr. Oct. 6, 2011). Additionally, special masters are not required to provide "a detailed order denying every argument for reconsideration." *Doe/17 v. Sec'y of Health and Human Servs.,* 84 Fed. Cl. 691, 704 n.18 (2008).

As I noted in my original Decision, determining whether an application for fees is reasonable is a matter within the discretion of the presiding special master. *See Carrington v. Sec'y of Health and Human Servs.,* 85 Fed. Cl. 319, 322-23 (2008). Special masters are afforded considerable discretion when considering motions for attorneys' fees. For instance, it is within a special master's discretion to reduce fees *sua sponte,* without warning to petitioners. *Sabella v. Sec'y of Health and Human Servs.,* 86 Fed. Cl. 201, 209 (2009).

## III. Discussion.

Respondent has failed to demonstrate that reconsideration is warranted. Respondent has similarly failed to demonstrate that the interest of justice requires the reduction of a reasonable application for attorneys' fees and costs.

The Motion for Reconsideration is based on a factual error. The suggestion that the undersigned failed to examine the costs in this matter is likewise an error. With his application for fees and costs, petitioner's counsel attached an itemized list of fees and expenses which included a printed receipt showing his airline ticket purchase. The airline ticket was $1094.70; in a handwritten note, counsel noted on the receipt that he subtracted the price paid for the upgrade ($57). Motion for Fees, Ex. 2, at 37. The "coach" ticket cost was $1,037.70, which is what petitioner's counsel billed in his costs. *Id.*

As I stated in my Decision Awarding Attorneys' Fees and Costs, I reviewed all of petitioner's counsel's billing records. The billing records and costs associated with the handling of this case were reasonable to me. Respondent did not raise a specific objection to anything—not petitioner's counsel's hourly rate, hours expended, or costs associated with this case. Respondent merely stated that the standard for an award of attorneys' fees and costs had been met, and recommended that I use my discretion to determine a reasonable award. By declining to object with specificity to anything in petitioner's application at the time it was filed, respondent waived his right to object after the fact. *See Dorego v. Sec'y of Health and Human Servs.,* No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. Apr. 4, 2016).

### IV. Conclusion.

That being said, petitioner's upgrade to first class in the amount of $57.00 was, as the receipt denotes, paid for by petitioner's counsel and not charged to the Vaccine Program. For the reasons contained herein, respondent's Motion for Reconsideration of my Decision Awarding Attorneys' Fees and Costs is **DENIED.**

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master